**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Lucas ORTEGA–LOPEZ, Defendant–Appellant.**

**No. 10–50374.**

United States Court of Appeals, Ninth Circuit.

Submitted April 20, 2011.*

Filed April 28, 2011.

Randy K. Jones, Esquire, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Brian Paul Funk, Esquire, Law Offices of Brian P. Funk, San Diego CA, for Defendant–Appellant.

Before: RYMER, THOMAS, and PAEZ, Circuit Judges.

MEMORANDUM **

Lucas Ortega–Lopez appeals from the 63–month sentence imposed following his guilty-plea conviction for attempted re-entry after deportation, in violation of 8 U.S.C. § 1326, and fraud and misuse of an entry document, in violation of 18 U.S.C. § 1546(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ortega–Lopez first contends that the district court procedurally erred by: (1) refusing to consider imposing a lower sentence in order to achieve parity with fast-track defendants; and (2) failing to adequately explain its reasons for the sentence. The record reflects that the district court considered all of the factors set forth in 18 U.S.C. § 3553(a), adequately explained the sentence, and did not otherwise procedurally err. *See United States v. Carty*, 520 F.3d 984, 991–93 (9th Cir. 2008) (en banc).

Ortega–Lopez also contends that his sentence is substantively unreasonable. The record reflects that the 63–month sentence is substantively reasonable in light of the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51–52, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *see also*

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*United States v. Gonzalez–Zotelo*, 556 F.3d 736, 739 (9th Cir.2009) ("[A] district court may not take fast-track disparities into account in sentencing under 18 U.S.C. § 3553(a)(6) because § 3553(a)(6) directs the district judge to consider only 'unwarranted' sentencing disparities.").

To the extent Ortega–Lopez challenges the constitutionality of his sentence on the ground that the statutory maximum sentence for a section 1326 violation is two years imprisonment or that his sentence was wrongly enhanced because his prior conviction was not charged in the indictment, submitted to a jury, or proved beyond a reasonable doubt, these arguments are without merit. *See United States v. Contreras–Hernandez*, 628 F.3d 1169, 1174–75 (9th Cir.2011); *see also United States v. Covian–Sandoval*, 462 F.3d 1090, 1096–97 (9th Cir.2006).

**AFFIRMED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.